**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

CAMBRIDGE ANALYTICA LLC

Debtor. [1]

Chapter 7

Case No. 18-11500 (SHL)

## STATEMENT OF FINANCIAL AFFAIRS FOR
## CAMBRIDGE ANALYTICA LLC (18-11500)

---

[1] The last four digits of the Debtor's taxpayer identification number is 9713 and the address of its principal place of business is 597 5th Avenue, New York, New York 10017.

## GLOBAL NOTES REGARDING THE DEBTOR'S SCHEDULES
## <u>OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS</u>

The above-captioned debtor (the "**Debtor**") is filing its Schedules of Assets and Liabilities (each a "**Schedule**" and collectively, the "**Schedules**") and Statement of Financial Affairs (each, a "**SOFA**" and collectively, the "**Statements**") pursuant to section 521 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"). These *Global Notes Regarding the Debtor's Schedules of Assets and Liabilities and Statements of Financial Affairs*, including the specific notes set forth below with respect to the Schedules and Statement (collectively, the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements and sub-Statements, exhibits and continuation sheets, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit or continuation sheet.

**The Schedules, Statements and Global Notes should not be relied upon by any person for information relating to current or future financial conditions, events, or performance of the Debtor.**

The Debtors' management prepared the Schedules and Statements with the assistance of its advisors. The Schedules and Statements are unaudited. In addition, several of the computer servers (the "**Servers**") containing the vast majority of the Debtor's financial and other records that were located and maintained at the London offices of the Debtor's affiliates in the United Kingdom (the "**UK**") that are currently in administration proceedings in the UK, were seized by

DOC ID - 28205707.1

the Information Commissioner's Office of the UK (the "**ICO**") on or about March 23, 2018. Despite its efforts, the Debtor has been unable to obtain the Servers from the ICO.  Without access to the records and information contained on the Servers, the Debtor's ability to provide complete and accurate Statements and Schedules has been significantly inhibited.   The Debtor's management and advisors have made every reasonable effort to ensure that the Schedules and Statement are as accurate and complete as possible under the circumstances based on the information that was available to them at the time of preparation; however, subsequent information or discovery may result in material changes to the Schedules and Statement and inadvertent errors or omissions may exist or have occurred.  For the foregoing reasons, including the lack of access to necessary financial and other records and the fact that the Schedules and Statements contain unaudited information, which is subject to further review, verification and potential adjustment, there can be no assurance that the Schedules and Statements are accurate and/or complete.  The Debtor may, but shall not be required to, update the Schedules and Statement as a result of the discovery of any errors or omission or new information.

The Debtor has made reasonable efforts to, among other things, identify, disclose, characterize, classify, categorize and/or designate the claims, assets, liabilities, obligations, transfers, payments, income, executory contracts, unexpired leases and other items reported in the Schedules and Statements correctly.  However, as discussed herein, given the lack of access to the Servers and the records and information contained therein pertaining to the Debtor, the Debtor may not have identified and included all of the information required by the Statements and Schedules and may have improperly characterized, classified, categorized and/or designated one or more of the items on the Statements and/or Schedules.  In addition, certain items reported in the Schedules and Statements could be included in more than one category.  In those instances, one

category has been chosen to avoid duplication.  Further, the designation of a category is not meant to be wholly inclusive or descriptive of the rights or obligations represented by such item.

The Debtor reserves all rights to amend the Schedules, Statements and the Global Notes from time to time, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or otherwise assert offset or defenses to any claim reflected on the Schedules and Statement as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements or the Global Notes shall constitute an admission or waiver of rights with respect to the Debtor's chapter 7 case, including, without limitation, with respect to any issues involving any causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers.

1.  **Description of the Cases**. On May 17, 2018 (the "**Petition Date**"), the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code before this Court (the "**Bankruptcy Court**"). On May 7, 2018, Salvatore LaMonica was appointed as the chapter 7 Trustee (the "**Chapter 7 Trustee**").

2.  **Methodology and Limitations**.

    a.  **Reporting Date**. All asset and liability information, except where otherwise noted, is provided as of the Petition Dates.

    b.  **Basis of Presentation**. The Schedules and Statement do not purport to represent a financial statement prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statement of the Debtor.  Additionally, the Schedules and Statement contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtor's reasonable efforts to report the assets and liabilities of the Debtor.

    c.  **Confidential Information**. In certain limited instances in the Schedules and Statement, the Debtor has deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. The Debtor have generally used this approach because of an agreement between the Debtor and a third

party, concerns of confidentiality, or concerns for the privacy of an individual. Copies of the unredacted information will be provided to the Chapter 7 Trustee, the Office of the United States Trustee for the Southern District of New York, and any parties in interest who have a reasonable basis for review of such information.

d. **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtor to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities and the reported amounts of revenue and expense. Actual results could differ materially from these estimates.

e. **Net Book Value of Assets**. The Debtor does not have current market valuations for its assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtor to obtain current market valuations for its assets. Wherever possible or available based on the information that was in the Debtor's possession, unaudited net book values as of the Petition Date are presented. When necessary, the Debtor has indicated that the value of certain assets is "Unknown". Amounts ultimately realized may vary materially from net book value (or whatever value was or may be ascribed). Accordingly, the Debtor reserves all rights to amend, supplement, or adjust the asset values set forth in the Schedules and Statement.

f. **Unknown Amounts**. The description of an amount as "Unknown" is not intended to reflect upon the materiality of such amount. Certain amounts may be clarified during the course of the chapter 7 case.

g. **Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts based on information available to the Debtor. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals.

h. **Liabilities**. Unless otherwise indicated, all liabilities are listed as of the Petition Date. Some of the scheduled liabilities are unknown, contingent and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown". Accordingly, the Schedules and Statements may not equal the aggregate value of the Debtor's total liabilities as noted on any previously issued finance statements.

i. **Contingent Assets and Causes of Action**. Despite their reasonable efforts to identify all known assets, the Debtor may not have listed all of its causes of action or potential causes of action against third

DOC ID - 28205707.1

parties as assets in its Schedules and Statements, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtor reserves all of their rights with respect to any claims, causes of action, or avoidance actions it may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims. The Debtors may also possess contingent and unliquidated claims against affiliated entities (both Debtor and non-Debtor) for various financial accommodations and similar benefits they have extended from time to time, including, but not limited to, contingent and unliquidated claims for contribution, reimbursement, and/or indemnification arising from various (i) guarantees, (ii) indemnities, (iii) tax sharing agreements, (iv) warranties, (v) operational and servicing agreements, (vi) shared service agreements and (vii) other arrangements.

j.   **Currency**. All amounts shown in the Schedules and Statement are in U.S. Dollars, unless otherwise indicated.

k.   **Estimates and Assumptions**. The preparation of the Schedules and Statements required the Debtor to make estimates and assumptions that affected the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities and the reported amounts of revenue and expense. Actual results could differ materially from these estimates.

l.   **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals.

m.   **Asset Presentation and Valuations**. The Debtor's assets are presented at values consistent with their books and records to which the Debtor has access. Generally speaking, for assets that are valued at fair value or the lower of cost or fair value, the Debtor valued these assets using modeling techniques currently used in the industry and uses market based information to the extent possible in these valuations. These values do not purport to represent the ultimate value that would be received in the event of a sale, and may not represent economic value as determined by an appraisal or other valuation technique. As it would be prohibitively expense and an inefficient use of estate assets for the Debtor to obtain current economic valuations for all of its assets, the carrying value on the Debtor's books, rather than current economic values is reflected on

DOC ID - 28205707.1

the Schedules and Statements.

n. **Intercompany Transfers**. The listing in the Schedules or Statement by the Debtor of any obligation between a Debtor and another Debtor or non-Debtor affiliate is a statement of what appears in the Debtor's books and records that are available to the Debtor, and does not reflect any admission or conclusion of the Debtor regarding whether such amount should be allowed as a claim or how such obligations may be classified and/or characterized by the Bankruptcy Court or otherwise. Moreover, given the Debtor's lack of access to the Servers containing relevant records and information, the Statements and Schedules may not include a complete or accurate information regarding the intercompany transactions between the Debtor and any affiliate of the Debtor. To the extent the Debtor is able to regain access to the Servers and reconcile the information contained therein related to intercompany transactions, the Debtor may amend the relevant Schedules and Statements accordingly.

o. **Setoff**. Prior to the Petition Dates, and in the ordinary course of their businesses, the Debtor may have incurred setoffs in connection with, among other things, intercompany and third-party transactions. Unless otherwise stated, to the extent any setoffs were incurred in the ordinary course or under customary practices, they are not listed in the Schedules and Statements and the Debtor has not intentionally offset amounts listed on Schedules A/B, D or E/F. Nonetheless, some amounts listed may have been affected by setoffs of which the Debtor is are not yet aware. The Debtor reserves all rights to challenge any setoff and/or recoupment rights that may be asserted.

a. **Insiders**. For purposes of the Schedules and Statements, the Debtor has listed its officers and directors to the extent available based on current records available to the Debtor.[2] Further, for purposes of the Schedules and Statements, the Debtor defines insiders (in accordance with in section 101(31) of the Bankruptcy Code) as the Debtor's (a) current and former directors; (b) current and former senior level officers; (c) persons in control of the Debtor; (d) relatives of each of the foregoing; (e) affiliates of the Debtor, including equity holders holding 20% or more of the Debtor' voting securities and corporations of which the Debtor (or their major equity holders) hold 20% or more of voting securities; and (f) insiders of such affiliates, all to the extent known to the Debtor (each, an "**Insider**"). Persons listed as Insiders have been included

---

[2] On April 27, 2018, Anaxi Solutions Inc., a former subsidiary of the Debtor, merged with the Debtor, leaving the Debtor as the surviving entity. Accordingly, for purposes of the Schedules and Statements, the Debtor has only listed its officers and directors (and made the necessary disclosures relating thereto) and not of any entity that was merged into the Debtor prior to the Petition Date.

for information purposes only. The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

3. **Debtor's Reservation of Rights**. Nothing contained in the Schedules, Statements, or the Global Notes shall constitute an admission or waiver of rights with respect to this chapter 7 case, including, without limitation, any issues involving equitable subordination, characterization or recharacterization of contracts or claims, assumption or rejection of executory contracts or unexpired leases under the provisions of chapter 3 of the Bankruptcy Code and causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any applicable non-bankruptcy laws to recover assets or avoid transfers.

   a. Any failure to designate a claim listed on the Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtor reserves the right to dispute, or to assert setoff rights, counterclaims, or defenses to any claim reflected on its Schedules as to the nature, amount, liability, status, classification, or to amend the Schedules and Statement to subsequently designate any claim as "disputed," "contingent," or "unliquidated."

   b. Listing a claim on the Schedules as "secured", "priority", or "unsecured priority", or listing a contract or lease as "executory" or "unexpired", does not constitute an admission by the Debtor of the legal rights of the claimant and/or a contractual counterparty, or a waiver of the Debtor's rights to reclassify or recharacterize such claim or contract. Moreover, although the Debtor may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtor's assets in which such creditors may have a lien has been undertaken. The Debtor reserves all rights to dispute or challenge the secured nature of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

   c. The inclusion on Schedule D of any creditors that have asserted liens against the Debtors is not an acknowledgement of the validity, extent or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground

whatsoever. Reference to the applicable agreements and other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors. It is not the Debtor's intent that Schedules be construed to supersede any orders entered by the Bankruptcy Court.

a.   Although the Debtor has made reasonable efforts to ensure the accuracy of its Schedules and Statements, inadvertent errors, omissions, or inclusions may have occurred. The Debtor reserves all of its rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth on the Schedules and Statements and to amend further or supplement the Schedules and Statement as necessary.

b.   The Debtor further reserves all of its rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The placing of a contract or lease onto the Schedules shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. The Debtor expressly reserves the right to assert that any contract listed on the Schedules does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code.

c.   The Debtor used its reasonable efforts to locate and identify guarantees and other secondary liability claims (the "**Guarantees**") in their executory contracts, unexpired leases, secured financings, debt instruments and other agreements. Where such Guarantees have been identified, they are included in the relevant schedule. The Debtor placed Guaranty obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Guarantees embedded in the Debtor's executory contracts, unexpired leases, secured financings, debt instruments and other agreements may have been inadvertently omitted. Thus, the Debtor reserves its rights to amend or supplement the Schedules to the extent that additional Guarantees are identified. In addition, the Debtor reserves the right to amend the Schedules and Statement to recharacterize or reclassify any such contract or claim.

d.   In the ordinary course of business, the Debtor leased facilities and/or

equipment from certain third-party lessors for its use in its daily operations. Any such leases are set forth in Schedule G. The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor.  Neither is the property subject to any such leases reflected in the Statements as property or assets of third-parties within the control of the Debtor. Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtor reserves all rights with respect to any such issues.

89. **Specific Notes Regarding the Debtor's Schedules of Assets and Liabilities**

In addition to the foregoing, the following conventions were adopted by the Debtor in the preparation of the Schedules and Statements:

1. **Schedule A/B**.

   a. **Generally**.  To the extent a line item pertaining to the Debtor's assets indicates a value of "$0.00," Debtor notes that such amount is either "unknown" or "undetermined" and such "$0.00" designation does not constitute an admission that assets are, in fact, valued at "$0.00." Because certain assets or liabilities are noted as "$0.00," summary line items in Schedule A/B reflect totals that may be less than the ultimate value of such assets or liabilities. Furthermore, due to the seizure of the Servers by the ICO, the Debtor has been unable to quantify the value of certain assets included on Schedule A/B, including its office furniture, fixtures, and equipment.

   b. **Schedule A/B, Items 1-9**. Unless otherwise noted, the amounts shown are based on closing account balances or amounts on deposit/prepaid as of the Petition Date.

   c. **Schedule A/B, Item 38.**  The value of office furniture, fixtures, equipment and collectibles is unknown on a per item basis because the asset register was seized by the ICO. The net book value of all fixed assets has been discounted by seventy (70%) percent to estimate a current total value.

   d. **Schedule A/B, Items 60-64**. The omission of any patent, trademark, copyright, trade secret or other intellectual property from Schedule A/B Items 60-64 does not constitute a waiver of any such patent, trademark, copyright, trade secret or other intellectual property.

10

e.   **<u>Schedule A/B, Item 72</u>**. The omission of any tax refund or net operating loss from Schedule A/B Item 72 does not constitute a waiver of any tax refund or net operating loss.

f.   **<u>Schedule A/B, Items 74 and 75</u>**. The omission of any counterclaim, claim, or cause of action from Schedule A/B Items 74 and 75 does not constitute a waiver of any such counterclaim, claim, or cause of action. As previously described, to the extent a line item pertaining to the Debtor's assets indicates a value of "$0.00," the Debtor notes that such amount is either "unknown" or "undetermined" and such "$0.00" designation does not constitute an admission that assets are, in fact, valued at "$0.00."

2.   **<u>Schedule D</u>**.

a.   Based on the information currently available to the Debtor, the Debtor does not believe that there are any creditors with secured claims against the Debtor.  To the extent the Debtor discovers that any such claims exist, the Debtor may amend the Schedule D accordingly to reflect such claims.

b.

c.   Except as specifically stated herein, real property lessors, utility companies and other parties that may hold security deposits may not have been listed on Schedule D.

d.   The Debtor reserves all of its rights to amend Schedule D to the extent that the Debtor determines that any claims associated with such agreement should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtor of the legal rights of the claimant, deemed a modification or interpretation of the terms of such agreements, or considered a waiver of the Debtor's rights to recharacterize or reclassify such claim or contract.

e.   Moreover, the Debtor has not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

f.   Except as otherwise agreed or ordered by the Bankruptcy Court, the Debtor reserves its rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor of the Debtor. Moreover, the Debtor reserves all of its rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such

DOC ID - 28205707.1

transaction or any document or instrument related to such creditor's claim.

3. **Schedule H**

    a. The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

    b. In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because all such claims are contingent, disputed and/or unliquidated, such claims have not been set forth individually on Schedule H.

4. **Schedule E/F**

    a. The Debtor has used reasonable efforts to report all unsecured claims against the Debtor on Schedule E/F based upon the Debtor's existing books and records that were in Debtor's possession or to which the Debtor had access as of the Petition Date. The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Although reasonable efforts have been made to identify the date of incurrence of each claim, determination of the date that each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive. Additionally, due to the seizure of the Servers by the ICO, the Debtor has been unable determine the precise date that certain of the claims set forth on Schedule E/F arose. Therefore, while the Debtor does not list a date for each claim listed on Schedule E/F, to the best of the Debtor's knowledge, all claims listed on Schedule E/F have arisen or were incurred before the Petition Date.

    b. The Debtor reserves the right to assert any such claims are contingent, unliquidated and/or disputed, as applicable.

    c. The Debtor reserves the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under section 507 of the Bankruptcy Code and thus constitutes an unsecured

DOC ID - 28205707.1

nonpriority claim.

d.   Schedule E/F does not include certain balances including deferred liabilities, accruals, or general reserves. Such accruals primarily represent general estimates of liabilities and do not represent specific claims as of the Petition Date. The Debtor has made reasonable efforts to include as contingent, unliquidated and/or disputed the claim of any party not included on the Debtor's open accounts payable that is associated with an account that has accrual or receipt not invoiced.

e.   The claims of individual creditors may not reflect credits and/or allowances due from creditors to the Debtor. The Debtor reserves all of its rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs with respect to same.

f.   Schedule E/F does not include pending litigations or legal actions involving the Debtor. However, these are reflected in response to Question 7 in the Statements. In all instances, the amount that is the subject of the litigation is uncertain or undetermined. The Debtors believe that the amount of any potential claims associated with any such pending litigation is contingent, unliquidated, and disputed. The inclusion of any litigation in the Statements or otherwise does not constitute an admission of liability alleged in such litigation.

g.   To the extent they are known, Schedule E/F represents the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or the assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

5.   **Schedule G**.

Although the Debtor's existing records and information systems to which the Debtor has access have been relied upon to identify and schedule executory contracts and unexpired leases and reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtor reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements and leases listed therein may have expired or been modified, amended, or supplemented from time to time by various amendments, restatement, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and

agreements which may not be listed therein. Moreover, due to the seizure of the Servers by the ICO, the Debtor may not have access to all of its contracts and leases and the Schedules and Statements reflect only the contracts and leases to which the Debtor has access.

a. The presence of a contract or agreement on Schedule G does not constitute an admission as to the existence, validity or enforceability of the contract or agreement, or that such contract or agreement is an executory contract or unexpired lease, and the omission of a contract or agreement from Schedule G does not constitute an admission that a contract or agreement does not exist. The Debtor reserves all rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the rights to dispute or challenge the characterization or the structure of any transaction document or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute.

90. **Specific Notes Regarding the Debtor's Statement of Financial Affairs**

1. **Statement Question 1.** The Debtor has used reasonable efforts to state the revenue correctly without having access to full records due to the ICO's seizure of the Servers containing the relevant records and information reflecting such information.

2. **Statement Questions 3 and 4.** Due to the seizure of the Servers by the ICO, for purposes of Questions 3 and 4 the Debtor has listed those payments and transfers based on the records to which it has access. There may be other payments and transfers made to parties or during the periods reflected in these questions that are not reflected in the responses thereto because the Debtor does not have access to the relevant records and information to identify such payments and transfers.

3. **Statement Question 7.** The Debtor has made reasonable best efforts to identify all current pending litigation, investigation and other legal actions involving the Debtor. However, certain omissions may have occurred. The inclusion of any legal action in this question does not constitute an admission by the Debtor of any liability, the validity of any litigation or the amount of any potential claim that may result from any claims with respect to any legal action and the amount and treatment of any potential claim resulting from any legal action currently pending or that may arise in the future.

4. **Statement Question 25.** As noted herein, prior to the Petition Date, on April 27, 2018, the former subsidiaries of the Debtor, Anaxi Solutions Inc., Cambridge Analytica Political LLC and Cambridge Analytical Commercial LLC, were merged with the Debtor, with the Debtor remaining as the surviving entity, and, therefore, these entities no longer exist and the Debtor

DOC ID - 28205707.1

had no subsidiaries as of the Petition Date. Nevertheless, out of an abundance of caution the Debtor has listed these entities as entities in which it had an interest.

5.   **Statement Questions 28 and 29**. The Debtor has made reasonable best efforts to list the known current and former officers and directors of the Debtor on a review of available books and records and other available information which may not be complete and updated as of the Petition Date.  In addition, give the seizure of the Servers and the relevant records contained therein, the Debtor does not have access to the information necessary to provide a complete response to these questions.  As such, there may be inadvertent errors or omissions for the Statement in Questions 28 and 29 due to these limitations.

DOC ID - 28205707.1

**Fill in this information to identify the case:**

Debtor name    Cambridge Analytica LLC

United States Bankruptcy Court for the:   Southern    District of   New York
                                                                (State)

Case number (If known):    18-11500

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 01/01/2018 <br> MM / DD / YYYY | to Filing date | ☑ Operating a business <br> ☐ Other _____ | $ 2,865,605 |
| **For prior year:** | From 01/01/2017 <br> MM / DD / YYYY | to 31/12/2017 <br> MM / DD / YYYY | ☑ Operating a business <br> ☐ Other _____ | $ 5,151,605 |
| **For the year before that:** | From 01/01/2016 <br> MM / DD / YYYY | to 31/12/2016 <br> MM / DD / YYYY | ☑ Operating a business <br> ☐ Other _____ | $ 25,299,213 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From _____ <br> MM / DD / YYYY | to Filing date | _____ | $ _____ |
| **For prior year:** | From _____ <br> MM / DD / YYYY | to _____ <br> MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ <br> MM / DD / YYYY | to _____ <br> MM / DD / YYYY | _____ | $ _____ |

| | |
|---|---|
| Debtor | Cambridge Analytica LLC |
| | Name |
| Case number (if known) | 18-11500 |

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|---|
| 3.1. | See SOFA: Part 2, Question 3 Attachment<br>Creditor's name<br><br>Street<br><br><br>City        State      ZIP Code | | $ $1,076,692.42 | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☑ Suppliers or vendors<br>☐ Services<br>☑ Other Customer refund |
| 3.2. | Creditor's name<br><br>Street<br><br><br>City        State      ZIP Code | | $ | ☐ Secured debt<br>☐ Unsecured loan repayments<br>☐ Suppliers or vendors<br>☐ Services<br>☐ Other |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | See SOFA: Part 2, Question 4 Attachment<br>Insider's name<br><br>Street<br><br><br>City        State      ZIP Code<br><br>**Relationship to debtor** | | $ 10,848,317.34 | |
| 4.2. | Insider's name<br><br>Street<br><br><br>City        State      ZIP Code<br><br>**Relationship to debtor** | | $ | |

| Debtor | Cambridge Analytica LLC | Case number *(if known)* 18-11500 |
|---|---|---|
| | Name | |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City State ZIP Code | | | |
| 5.2. | | | | $ |
| | Creditor's name | | | |
| | Street | | | |
| | City State ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ |
| Creditor's name | | | |
| Street | | | |
| City State ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

## Part 3:    Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | See SOFA: Part 3, Question 7 Attachment | | Name | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | | ☐ Concluded |
| | | | City State ZIP Code | |
| 7.2. | Case title | | Court or agency's name and address | ☐ Pending |
| | | | Name | ☐ On appeal |
| | Case number | | Street | ☐ Concluded |
| | | | City State ZIP Code | |

Debtor    Cambridge Analytica LLC
_____
Name

Case number *(if known)* 18-11500

---

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $ _____ |
| Custodian's name | **Case title** | **Court name and address** |
| Street | _____ | Name |
| | **Case number** | Street |
| City          State      ZIP Code | | City          State      ZIP Code |
| | **Date of order or assignment** | |
| | _____ | |

---

## Part 4:    Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. Recipient's name | _____ | _____ | $ _____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. Recipient's name | _____ | | $ _____ |
| Street | _____ | | |
| City          State      ZIP Code | | | |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

---

## Part 5:    Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| _____ | _____ | _____ | $ _____ |

---

Debtor    Cambridge Analytica LLC
_____Name_____

Case number *(if known)* 18-11500

---

| **Part 6:** | **Certain Payments or Transfers** |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | Schulte Roth & Zabel LLP | | 4/25/18 | $ 30,000 |
| | **Address** | | | |
| | 919 3rd Avenue | | | |
| | Street | | | |
| | New York    NY    10022 | | | |
| | City    State    ZIP Code | | | |
| | **Email or website address** | | | |
| | adam.harris@srz.com | | | |
| | **Who made the payment, if not debtor?** | | | |
| | Emerdata Limited | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | Street | | | |
| | _____ | | | |
| | City    State    ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $_____ |
| **Trustee** | | | |
| _____ | _____ | | |

---

Debtor      Cambridge Analytica LLC
            _____      Case number *(if known)* 18-11500
            Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____<br>Street | | | |
| | _____ | | | |
| | _____<br>City                State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer?<br>_____ | _____ | _____ | $_____ |
| | **Address** | _____ | | |
| | _____<br>Street | | | |
| | _____ | | | |
| | _____<br>City                State        ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| **Part 7:** | **Previous Locations** |
|---|---|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | See SOFA: Part 7, Question 14 Attachment<br>Street | From _____ To _____ |
| | _____ | |
| | _____<br>City                State        ZIP Code | |
| 14.2. | _____<br>Street | From _____ To _____ |
| | _____ | |
| | _____<br>City                State        ZIP Code | |

| Debtor | Cambridge Analytica LLC | Case number (if known) | 18-11500 |
|---|---|---|---|
| | Name | | |

---

**Part 8:   Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.1.

| Facility name | | |
|---|---|---|
| Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| City          State          ZIP Code | | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

15.2.

| Facility name | | |
|---|---|---|
| Street | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. | **How are records kept?** |
| City          State          ZIP Code | | *Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

**Part 9:   Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

✓ Yes. Does the debtor serve as plan administrator?

    ☑ No. Go to Part 10.

    ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

    Has the plan been terminated?

    ☐ No

    ☐ Yes

---

Debtor    Cambridge Analytica LLC
_____
Name                                    Case number *(if known)* 18-11500

---

**Part 10:**    **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name _____ Street _____ City  State  ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |
| 18.2. | Name _____ Street _____ City  State  ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking ☐ Savings ☐ Money market ☐ Brokerage ☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name _____ Street _____ City  State  ZIP Code | _____ _____ _____ **Address** _____ | _____ _____ _____ | ☐ No ☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name _____ Street _____ City  State  ZIP Code | _____ _____ _____ **Address** _____ | _____ _____ | ☐ No ☐ Yes |

| Debtor | Cambridge Analytica LLC | Case number (if known) 18-11500 |
|---|---|---|
| | Name | |

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $_____ |
| Name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City          State          ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Name | Name | | |
| Street | Street | | |
| City          State          ZIP Code | City          State          ZIP Code | | |

| | |
|---|---|
| Debtor | Cambridge Analytica LLC |
| | Name |

Case number (*if known*) 18-11500

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| Name | Name | | |
| Street | Street | | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | Anaxi Solutions Inc<br>Name<br>2511 Jefferson Davis Parkway<br>Street<br><br>Arlington        VA        22202<br>City        State        ZIP Code | Provision of data analytics and communication services to government departments. | EIN: __82__ – _1240550__ __ __ __ __ __<br>**Dates business existed**<br><br>From _04/17/17__  To _04/27/18__ |
| 25.2. | Cambridge Analytica Commercial LLC<br>Name<br>c/o Corporation Trust Company<br>Street<br>1209 Orange Street<br>Wilmington        DE        19801<br>City        State        ZIP Code | Dormant company. | EIN: __47__ – _2950548__ __ __ __ __ __<br>**Dates business existed**<br><br>From _01/21/15__  To _04/27/18__ |
| 25.3. | Cambridge Analytica Commercial LLC<br>Name<br>c/o Corporation Trust Company<br>Street<br>1209 Orange Street<br>Wilmington        DE        19801<br>City        State        ZIP Code | Dormant company. | EIN: __47__ – _2938278__ __ __ __ __ __<br>**Dates business existed**<br><br>From _01/21/15__  To _04/27/18__ |

Debtor  Cambridge Analytica LLC
        Name

Case number (*if known*) 18-11500

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. See SOFA: Part 13, Question 26.a. Attachment<br>Name<br><br>Street<br><br>City                    State              ZIP Code | From _____  To _____ |
| 26a.2. <br>Name<br><br>Street<br><br>City                    State              ZIP Code | From _____  To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. PKF Littlejohn LLP<br>Name<br>1 Westferry Circus<br>Street<br>Canary Wharf, London        United Kingdom        E14 4HD<br>City                    State              ZIP Code | From 10/01/16  To Present |
| 26b.2. Golub, LaCapra, Wilsom & DeTiberis LLP<br>Name<br>2 Roosevelt Avenue<br>Street<br>Port Jefferson Station        NY        11776<br>City                    State              ZIP Code | From 10/01/16  To Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. See SOFA: Part 13, Question 26.c. Attachment<br>Name<br><br>Street<br><br>City                    State              ZIP Code | _____<br>_____<br>_____ |

Debtor    Cambridge Analytica LLC           Case number *(if known)* 18-11500
      Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

26c.2.
_____
Name

_____
Street

_____
City       State       ZIP Code

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|

26d.1.
_____
Name

_____
Street

_____
City       State       ZIP Code

| Name and address |
|---|

26d.2.
_____
Name

_____
Street

_____
City       State       ZIP Code

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|

27.1.
_____
Name

_____
Street

_____
City       State       ZIP Code

| Debtor | Cambridge Analytica LLC | | Case number *(if known)* | 18-11500 |
| | Name | | | |

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|

**27.2.**

Name

Street

City                    State        ZIP Code

**28.** **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Emerdata Limited | 55 New Oxford St., London, WC1A 1BS, UK | Shareholder | 89.5% |
| Julian Wheatland | 22 W 15th St, #20b, New York, NY 100111 | Authorized Person | |
| | | | |
| | | | |
| | | | |

**29.** **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| See SOFA: Part 13, Question 29 Attachment | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

**30.** **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No
☑ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| **30.1.** See SOFA: Part 2, Question 4 Attachment | | | |
| Name | | | |
| Street | | | |
| City                State        ZIP Code | | | |
| Relationship to debtor | | | |

Debtor    Cambridge Analytica LLC
          _____    Case number (*if known*)_____18-11500_____
          Name

| | | | |
|---|---|---|---|
| **Name and address of recipient** | _____ | _____ | _____ |
| 30.2 | | | |
| Name _____ | | _____ | |
| Street _____ | | _____ | |
| _____ | | | |
| City                State        ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |
| _____ | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**
☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**
☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

**Part 14:    Signature and Declaration**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    05/31/2018
               _____
               MM   / DD  / YYYY

✗ /s/ Julian Wheatland
_____    Printed name    Julian Wheatland
Signature of individual signing on behalf of the debtor                    _____

Position or relationship to debtor    Authorized Person
                                      _____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☐ No
☑ Yes

**In re Cambridge Analytica LLC**

**Case No. 18-11500**

**SOFA: Part 2, Question 3 – Certain Payments or Transfers to Creditors Within 90 Days Before Filing This Case**

| Creditor Name | Address | Dates | Total Amount or value | Reason for payment or transfer |
|---|---|---|---|---|
| Deltek | 159 W 53rd St, New York, NY 10019 | 4/4/2018 | $6,859.13 | Supplier/Vendor |
| Direct Care Inc. | 6520 New Utrecht Avenue, New York, NY 11219 | 3/22/2018 | $74,783.26 | Other - Customer Refund |
| Presidential Tower Property LLC | 200 State Street, 5th Floor, Boston, Massachusetts 02109 | 3/27/2018 | $10,130.19 | Supplier/Vendor |
| SCL Elections Limited (in Administration)[1] | 55 New Oxford Street, London, WC1A 1BS, UK | 3/21/2018 | $123,971.59 | Supplier/Vendor |
| SCL Elections Limited (in Administration) | 55 New Oxford Street, London, WC1A 1BS, UK | 3/22/2018 | $500,000.00 | Supplier/Vendor |
| SCL Elections Limited (in Administration) | 55 New Oxford Street, London, WC1A 1BS, UK | 3/26/2018 | $300,000.00 | Supplier/Vendor |
| SCL Group Inc[2] | 55 New Oxford Street, London, WC1A 1BS, UK | 4/4/2018 | $2,905.00 | Supplier/Vendor |
| SCL Group Inc | 55 New Oxford Street, London, WC1A 1BS, UK | 4/13/2018 | $7,102.60 | Supplier/Vendor |
| SCL USA Inc | 55 New Oxford Street, London, WC1A 1BS, UK | 3/23/2018 | $21,964.58 | Supplier/Vendor |
| SCL USA Inc | 55 New Oxford Street, London, WC1A 1BS, UK | 4/13/2018 | $2,052.00 | Supplier/Vendor |
| SCL USA Inc | 55 New Oxford Street, London, WC1A 1BS, UK | 4/13/2018 | $790.00 | Supplier/Vendor |
| The District Communications Group, LLC | 216 12th Street, SE Washington, DC 20003 | 3/23/2018 | $7,125.00 | Supplier/Vendor |
| THG South Inc | 15 Davis Ave, Poughkeepsie, NY 12603 | 3/23/2018 | $19,009.07 | Supplier/Vendor |
| | | | **Total: $1,076,692.42** | |

Footnote:

[1]: This entity is in administration proceedings in the United Kingdom and Vince Green of Crowe Clark Whitehill LLP has been appointed as the administrator by The High Court of Justice, Business and Property Courts of England and Wales, and Insolvency and Companies List (ChD).

[2]: This entity changed its name to Anaxi Solutions Inc. on March 29, 2018 and Anaxi Solutions Inc. subsequently merged into Cambridge Analytica LLC, the Debtor in this Chapter 7 Case.

In re Cambridge Analytica LLC

Case No. 18-11500

**SOFA: Part 2, Question 4 – Payments or Other Transfers of Property Made Within 1 year Before Filing This Case That Benefited Any Insiders**

| Insider Name | Street | City | State | Zip | Country | Relationship to Debtor | Dates of Payment | Total amount or value | Reason for Payment |
|---|---|---|---|---|---|---|---|---|---|
| SCL Elections Limited (in Administration)[1] | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 5/26/2017 | $800,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 6/9/2017 | $900,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 6/26/2017 | $950,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 7/12/2017 | $220,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 7/26/2017 | $550,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 8/3/2017 | $360,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 8/29/2017 | $350,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 9/8/2017 | $800,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 9/28/2017 | $1,010,100.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 10/5/2017 | $400,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 10/24/2017 | $200,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 11/1/2017 | $200,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 11/13/2017 | $700,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 11/20/2017 | $300,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 11/28/2017 | $250,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 12/7/2017 | $350,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 12/21/2017 | $300,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 12/22/2017 | $80,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 1/3/2018 | $100,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 1/10/2018 | $41,884.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 1/22/2018 | $200,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 2/14/2018 | $862,333.34 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 3/21/2018 | $124,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 3/22/2018 | $500,000.00 | Payment for services |
| SCL Elections Limited (in Administration) | 55 New Oxford Street | London | | WC1A 1BS | UK | Affiliate | 3/26/2018 | $300,000.00 | Payment for services |
| | | | | | | | Total: | $10,848,317.34 | |

Footnote:
[1]: This entity is in administration proceedings in the United Kingdom and Vince Green of Crowe Clark Whitehill LLP has been appointed as the administrator by The High Court of Justice, Business and Property Courts of England and Wales, and Insolvency and Companies List (ChD).

In re Cambridge Analytica LLC
Case No. 18-11500

**SOFA: Part 3, Question 7 – Legal Actions, Administrative Proceedings, Court Actions, Executions, Attachments, or Governmental Audits**

| Case Title | Case Number | Nature of Case | Court or Agency's Name | Address | Status of case |
|---|---|---|---|---|---|
| Bigelow v Cambridge Analytica LLC et al | 18 Civ. 3845 (JGK) | Copyright Infringement | US District Court - Southern District of New York | 500 Pearl Street, New York, NY 10007 | Pending |
| Rubin v Facebook, Inc. et al | 3:18-cv-01852-VC | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Haslinger v Facebook, Inc. et al | 3:18-cv-01984-VC | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| King v. Facebook, Inc. et al | 3:18-cv-02276-VC | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Diaz Sanchez v. Facebook, Inc. et al | 3:18-cv-02381-VC | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Schinder v. Facebook Inc. et al | 3:18-cv-02571-VC | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Vance-Guerbe v. Facebook, Inc. et al | 3:18-cv-02987-EDL | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Burk et al v. Facebook, Inc. et al | 4:18-cv-02504-YGR | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Pelc v. Facebook, Inc. et al | 4:18-cv-02948-KAW | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| In re Facebook User Profile Litigation | MDL Docket No. 2843 | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| Picha et al v Facebook, Inc. et al | 3:18-cv-02090-SK | Class Action | US District Court - Northern District of California | 450 Golden Gate Ave, PO Box 36060, San Francisco, CA 94102 | Pending |
| O'Hara et al v Facebook, Inc. et al | 8:18-cv-00571-AG DFM | Class Action | US District Court - Central District of California (Southern Division) | 411 W 4th St #1-053, Santa Ana, CA 92701 | Pending |
| Larabee et al v. Donald J. Trump et al | MUR No. 7350 | Federal Election Law | Federal Election Commission | 1050 First St NE, Washington, DC 20463 | Pending |
| Common Cause et al v Cambridge Analytica et al | MUR No. 7351 | Federal Election Law | Federal Election Commission | 1050 First St NE, Washington, DC 20463 | Pending |
| FTC v Cambridge Analytica LLC | Matter No. 182307 | Unfair & Deceptive Trade Practices | Federal Trade Commission | 600 Pennsylvania Ave NW, Mail Stop CC 8232, Washington, DC 20580 | Pending |
| In the Matter of Facebook, Inc. | SF-4223 | N/A | Securities and Exchange Commission | 44 Montgomery Street, Suite 2800, San Francisco, CA 94104 | Pending |
| State of CT Civil Investigative Demand | N/A | Consumer Protection | Office of the Attorney General - CT Commissioner of Consumer Protection | 110 Sherman Street, Hartford, CT 06105 | Pending |
| Commonwealth of Massachusetts Civil Investigative Demand | Demand No: 2018-CPD-29 | Consumer Protection | Office of the Attorney General - Commonwealth of Massachusetts | One Ashburton Place, Boston, MA 02108 | Pending |
| In the Matter of Cambridge Analytica | N/A | Consumer Protection | Attorney General of New Jersey | 124 Halsey Street, 5th Fl, PO Box 45029, Newark, NJ 07101 | Pending |
| State of New York Civil Investigative Demand | N/A | Consumer Protection | Attorney General of New York | Bureau of Internet and Technology, NYS Office of the Attorney General, 28 Liberty Street, New York, NY 10005 | Pending |

**In re Cambridge Analytica LLC**

**Case No. 18-11500**

**SOFA: Part 7, Question 14 – List all previous addresses used by the debtor within 3 years before filing this case and the dates addresses were used**

| Address | Dates of Occupancy | |
|---|---|---|
| One Wales Alley<br>Alexandria, VA 22314 | 01/10/15 | 12/31/16 |
| 1211 Avenue of the Americas, Suite 2703<br>New York, NY 10036 | Unknown | 06/21/16 |
| Presidential Towers<br>2511 Jefferson Davis Highway, Suite 620<br>Arlington, VA 22202 | 06/01/17 | Present |
| 1901 Pennsylvania Avenue<br>Washington, DC 20006 | 04/14/17 | 06/01/17 |

Note:
1901 Pennsylvania Avenue was the former location of Anaxi Solutions Inc, since merged with Cambridge Analytica LLC

**In re Cambridge Analytica LLC**
**Case No. 18-11500**

**SOFA: Part 13, Question 26a – List all accountants and bookkeepers who maintained
the debtor's books and records within 2 years before filing this case**

| Name and Address | Dates of service |
|---|---|
| SCL Elections Limited (in Administration)[1]<br>55 New Oxford Street<br>London, WC1A 1BS | **From: 10/01/16    To: Present** |
| Golub, LaCapra, Wilson & DeTiberis LLP<br>2 Roosevelt Avenue<br>Port Jefferson Station, NY 11776 | **From: 10/01/16    To: Present** |
| Freemark Financial<br>8383 Wilshire Boulevard, Suite 1000<br>Beverly Hills, CA 90211 | **From: 12/21/13    To: 10/01/16** |

Footnote:
[1]: This entity is in administration proceedings in the United Kingdom and Vince Green of Crowe Clark Whitehill LLP has been appointed as the administrator by The High Court of Justice, Business and Property Courts of England and Wales, and Insolvency and Companies List (ChD).

**In re Cambridge Analytica LLC**

**Case No. 18-11500**

**SOFA: Part 13, Question 26c – List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed**

| Name and Address | If any books of account and records are unavailable, explain why |
|---|---|
| SCL Elections Limited (in Administration)[1]<br>55 New Oxford Street<br>London, WC1A 1BS, UK | Much of the financial records are missing because the ICO seized laptops from the SCL Elections office in London |
| UK Information Commissioner's Office<br>Wycliffe House, Water Lane<br>Wilmslow, Chesire, SK9 5AF, UK | Much of the financial records are missing because the ICO seized laptops from the SCL Elections office in London |
| Peter Crowe<br>3 Church Lane<br>Newcastle Upon Tyne, NE3 1AR, UK | |
| Vincent Green & Mark Newman<br>Crowe Clark Whitehill LLP<br>4 Mount Ephraim Road<br>Tunbridge Wells, Kent, TN1 1EE, UK | |

Note:
Vincent Green and Mark Newman are Joint Administrators of SCL Elections Ltd, SCL Social Ltd, SCL Commercial Ltd, SCL Group Ltd and Cambridge Analytica(UK) Ltd.

Footnote:
[1]: This entity is in administration proceedings in the United Kingdom and Vince Green of Crowe Clark Whitehill LLP has been appointed as the administrator by The High Court of Justice, Business and Property Courts of England and Wales, and Insolvency and Companies List (ChD).

**In re Cambridge Analytica LLC**
**Case No. 18-11500**

**SOFA: Part 13, Question 29 – Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| Rebekah Mercer | c/o Cambridge Analytica Holdings LLC Corporation Trust Centre, 1209 Orange St, Wilmington, DE 19801 | Board of Managers & Vice President | 3/6/2014 | 1/23/2018 |
| Jennifer Mercer | c/o Cambridge Analytica Holdings LLC Corporation Trust Centre, 1209 Orange St, Wilmington, DE 19801 | Board of Managers | 3/6/2014 | 1/23/2018 |
| Alexander Nix | 12 St James's Square, London SW1Y 4RB, UK | Board of Managers & CEO | 3/6/2014 | 1/23/2018 |
| Cambridge Analytica Holdings LLC | Corporation Trust Centre, 1209 Orange St, Wilmington, DE 19801 | Controlling Shareholder | 3/6/2014 | 1/23/2018 |