# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| **In re:** | **SUBPOENA FOR PRESERVATION OF DOCUMENTS** |
|---|---|
| Cambridge Analytica, LLC, | **CASE NO.: 18-11500 (SHL)** |
| Debtor. | **CHAPTER 7** |

**To: Cambridge Analytica, LLC**
c/o Schulte Roth & Zabel, LLP
919 Third Avenue
New York, NY 10022

☐ **YOU ARE COMMANDED** to appear pursuant to Federal Rule of Bankruptcy Procedure Rule 2004 at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☒ **YOU ARE COMMANDED** to preserve and maintain the following documents in your possession and/or control (or which later come into your possession and/or control) in accordance with the Definitions and Instructions and List of Documents attached hereto as Schedule A. This shall be deemed a continuing obligation to preserve documents that subsequently become available or in your possession.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The name, address, email address, and telephone number of the attorneys representing *the Data Breach Plaintiffs*, who issue or requests this subpoena, are:

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin, Esq.
Nicole Fulfree, Esq.
Michael Papandrea, Esq.
1251 Avenue of the Americas, 17th Floor
New York, NY 10020
(212) 262-6700 (Telephone)
metkin@lowenstein.com
nfulfree@lowenstein.com
mpapandrea@lowenstein.com

-2-

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____       _____
    SIGNATURE OF SERVER

    _____
    ADDRESS OF SERVER

    _____

**SCHEDULE A**

The below list is a summary of the types of information that is potentially relevant to the cases titled *Redmond et al. v. Facebook Inc. et al.*, C.A. No. 1:18-CV-00531-VAC-MPT; and *Craig Skotnicki v. Facebook, Inc. and Cambridge Analytica*, Case No.: 1:18-cv-00655-RGA (the "Data Breach Litigation").  This list is not all inclusive and plaintiffs and the putative class in the Data Breach Litigation (the "Data Breach Plaintiffs") fully reserve their rights to seek the production and/or preservation of additional information relevant to the Data Breach Litigation.  Cambridge Analytica, LLC ("Cambridge Analytica" or the "Company") is required to preserve evidence that is not included on the below list if such information is potentially relevant to Data Breach Plaintiffs' claims in the Data Breach Litigation.

**Definitions and Instructions**

As used in this document, "you" and "your" refers to Cambridge Analytica and its predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, employees, partners or other persons occupying similar positions or performing similar functions (the "Defendants").

As used herein, "electronically stored information" ("ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (*e.g.*, e-mail, voice mail, instant messaging);
- Word processed documents (*e.g.*, Word or WordPerfect documents and drafts);
- Spreadsheets and tables (*e.g.*, Excel or Lotus 123 worksheets);
- Image and Facsimile Files (*e.g.*, .PDF, .TIFF, .JPG, .GIF images);
- Data received from GSR, Kogan, and/or Facebook;
- Sound Recordings (*e.g.*, .WAV and .MP3 files);
- Video and Animation (*e.g.*, .AVI and .MOV files);
- Databases (*e.g.*, Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (*e.g.*, Outlook, ACT!);
- Calendar and Diary Application Data (*e.g.*, Outlook PST, Yahoo, blog tools);
- Online Access Data (*e.g.*, Temporary Internet Files, History, Cookies);
- Presentations (*e.g.*, PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and
- Back Up and Archival Files (*e.g.*, Zip, GHO).

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible.  You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (effective 12/1/06), you must identify all sources of ESI you decline to produce and demonstrate to the Court why such sources are not reasonably accessible. For good cause shown, the Court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive Data Breach Plaintiffs of their right to secure the evidence or the Court of its right to adjudicate the issue.

**List of Documents**

Documents include potentially relevant information, including tangible documents and electronically stored information with the earlier of a Created or Last Modified date on or after January 1, 2014, through the date of this demand and concerning:

1. The events and causes of action described in the Data Breach Litigation;

2. ESI you may use to support claims or defenses in the Data Breach Litigation;

3. Board meeting minutes and documents;

4. Communications between you and any other Defendant in the Data Breach Litigation;

5. Communications with other third parties about the data acquired from Global Science Research Ltd. ("GSR"), Aleksandr Kogan ("Kogan"), and/or Facebook, Inc. ("Facebook");

6. Agreements, contracts, memoranda of understanding or any other documents that memorialize your relationship with GSR and Kogan;

7. Agreements, contracts, memoranda of understanding or any other documents that memorialize your relationship with Emerdata Ltd.

8. Communications between you and Emerdata Ltd.

9. All documents relating to any response to any government subpoena related in any way to the events or causes of action described in the Data Breach Litigation;

10. Communications or discussions including with Board members, investors, or advisors about data, or the use of data, acquired in conjunction with GSR, Kogan, or Facebook;

11. The organizational structure of Cambridge Analytica, including the names, titles and responsibilities of each of Cambridge Analytica's employees; and

12. Any insurance policy, indemnification agreement or bylaws under which any Defendants may claim coverage to satisfy part or all of the possible liabilities resulting from any of the claims asserted in this litigation.