FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
In re:                                                                                     Chapter 11

CAMBRIDGE ANALYTICA LLC, *et al.*,                          Case No. 18-11500 (SHL)

                                    Debtors.                 (Jointly Administered)
------------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER
## DENYING WHEATLAND'S MOTION TO VACATE

Before the Court is the Motion for Entry of Order Vacating the Order Designating Julian Wheatland as the Person Responsible to Perform the Obligations of the Debtors (the "Motion to Vacate" or "Motion") [ECF No. 94][1] filed on November 21, 2018. The Court heard argument on the Motion on December 11, 2018. For the reasons set forth below, the Court denies the Motion.

## BACKGROUND

On May 17, 2018, Cambridge Analytica LLC ("Cambridge") and SCL USA Inc. ("SCL," and together with Cambridge, the "Debtors") each filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code. The Court subsequently entered orders directing the procedural consolidation and joint administration of the Debtors' bankruptcy cases. [*See* ECF No. 68]; [Case No. 18-11501, ECF No. 64]. These bankruptcy cases were filed in the wake of the well-publicized troubles of the British-based political consulting firm that did work for the presidential campaign of Donald Trump and allegedly used the data of millions of Facebook users without their knowledge, consent, or authorization.

In late August, Schulte, Roth & Zabel LLP, counsel to the Debtors, moved for entry of an order authorizing its withdrawal as counsel and relieving it from any further obligations in connection with these Chapter 7 Cases (the "Motion to Withdraw") [ECF No. 69]. Shortly

---

[1]     Unless otherwise indicated, docket entries cited herein refer to Case No. 18-11500.

thereafter, a limited objection to the Motion to Withdraw was filed by parties who are plaintiffs in civil actions being consolidated in a multidistrict litigation captioned as *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL No. 2843, N.D. Cal. Case No. 18-MD-02843-VC (such parties, the "Privacy Plaintiffs") regarding the allegedly improper use of Facebook information. The Privacy Plaintiffs had previously moved for an order requiring the Debtors to preserve documents relating to their lawsuits that are currently held or controlled by Debtor Cambridge. [*See* ECF No. 39]. In opposing the Motion to Withdraw, the Privacy Plaintiffs now argued that "[n]either this Court, the Trustee, nor parties in interest such as the Privacy Plaintiffs should be left in a position where there is no responsible person, counsel or otherwise, available as a knowledgeable representative of the Debtors." [ECF No. 72 ¶ 2]. At a hearing in late September, the Court adjourned the Motion to Withdraw given these concerns as the Chapter 7 Trustee prepared a motion to designate a representative for the Debtors.

About a week after the hearing, the Chapter 7 Trustee filed an application for the entry of an order designating Julian Wheatland ("Wheatland") as the person responsible to perform the obligations of the Debtors under the Bankruptcy Code (the "Designation Motion") [ECF No. 78]. The Chapter 7 Trustee noted Wheatland's role "[a]s the signatory to the Debtors' petitions and the representative of the Debtors at the 341 Meeting." Designation Motion ¶ 13. The Chapter 7 Trustee filed an affidavit of service [ECF No. 79] affirming that the Designation Motion had been served by First-Class Mail upon various parties, including Wheatland at 22 West 15th Street, #20B, New York, NY 10011 (the "Fifteenth Street Address") – the address Wheatland himself provided as his address in the Debtors' Statements of Financial Affairs (SOFAs) filed with the Court. [*See* ECF No. 12 at 13]; [Case No. 18-11501, ECF No. 12 at 2, 13]. The copy of the Designation Motion that was served on Wheatland at the Fifteenth Street Address was never

2

returned to the Chapter 7 Trustee as undeliverable, and there has been no other indication that delivery to the Fifteenth Street Address failed.

The Court held a hearing on the Motion to Withdraw and the Designation Motion on October 24, 2018. At the hearing, the Court expressed concerns about Debtors' counsel's inability to provide information on whether Wheatland received the Designation Motion and whether Wheatland's contact information was accurate:

> … when you say, 'Well, that's the [contact] information we have.' Is that the information you have from the filing of the case? Has there been any attempt to reach out to Mr. Wheatland by you, his counsel [?] . . . obviously if you're counsel and you say, 'Well, Mr. Wheatland is the person who signed the papers on behalf of the debtor, our client, and so in the normal way, you would be the ones counted on to get that information to him. So you haven't been relieved of counsel as yet, so the notion of just reciting this sort of, you know, very dry and kind of matter of fact rules about what service means, I understand that, but that's not really what I was hoping for.

Oct. 24, 2018 Hr'g Tr. at 25:3–22 [ECF No. 91]. Debtors' counsel responded that they had "the same [contact] information" as the Chapter 7 Trustee. *Id.* at 24:8–9.

The Court granted the Designation Motion at the hearing, but it further adjourned the Motion to Withdraw given Wheatland's lack of response to the Designation Motion and lingering concerns about his cooperation. Such concerns proved well-founded when counsel to Wheatland filed a letter on November 1, 2018 (the "Letter") [ECF No. 90], stating that Wheatland "only recently became aware of the [Designation Motion] after the response deadline had passed" and requested a telephonic status conference "prior to adjudicating the [Designation Motion]." Letter at 1. The Letter argued that "Mr. Wheatland does not have the time, information, or resources necessary to fulfill the role of Debtors' designated representative" and that he "[would] face numerous hardships if forced to be the designated representative of the Debtors in these U.S.-based proceedings." *Id.* Counsel further asserted that "Mr. Wheatland has no access to any information relevant to the Debtors' bankruptcy cases because all of the

3

electronically and nonelectronically stored information is now either in the possession of the Chapter 7 Trustee or the professionals involved in the UK insolvency proceedings of the Debtors' affiliates." *Id.* at 2.

The Court held a telephonic status conference a few days later, during which Wheatland's counsel argued that (i) the designation of Wheatland was premature, (ii) Wheatland was not the right person to serve as the representative, and (iii) the designation was prejudicial to Wheatland. The Court, however, explained that it had already heard and granted the Designation Motion from the bench and, therefore, Wheatland would need to seek any requested relief by motion.[2]

Wheatland subsequently filed the Motion to Vacate. The Motion argued that Wheatland was not properly served with the Designation Motion and, therefore, "this Court lacks personal jurisdiction over Mr. Wheatland, and the Designation Order is void as a matter of law." Motion to Vacate ¶ 1. The Motion explained that service of process was ineffective because the Fifteenth Street Address is not Wheatland's "dwelling house or usual place of abode" or "the place where [he] regularly conducts a business or profession," as is required under Bankruptcy Rule 7004(b)(1). *Id.* ¶ 12; *see generally id.* ¶¶ 13–16. The Motion also vaguely suggested that – even though Wheatland should not be required to serve as the representative – Wheatland could somehow help in a more limited capacity, though it did not provide any details about how he would do this. *See id.* ¶ 2 ("In an effort to avoid protracted litigation of this matter, [Wheatland's counsel] offered to accept service of the Designation Motion and consent to entry of the Designation Order if the Trustee agreed to certain limited modifications designed to ensure that Mr. Wheatland's life does not become consumed by these chapter 7 cases."); *id.* ¶ 20 ("Sensitive to the Trustee's dilemma, Mr. Wheatland offered a solution.").

---

[2] The Order designating Julian Wheatland as the person responsible to perform the obligations of the Debtors (the "Designation Order") [ECF No. 93] was ultimately signed and entered on November 14, 2018.

4

Both the Chapter 7 Trustee and the Privacy Plaintiffs objected to the Motion to Vacate (respectively, the "Trustee Objection" and the "Privacy Plaintiffs' Objection") [ECF Nos. 98, 99]. The Chapter 7 Trustee posited that "(i) service was proper under the Bankruptcy Rules as the Designation Motion was mailed to Wheatland's last known address; (ii) the failure of actual notice is due solely to the fault of Wheatland; and (iii) the Court has already determined that Wheatland's familiarity and personal knowledge about the Debtors' operations and their assets, warrant his appointment as the Debtors' representative." Trustee Objection ¶ 2. The Privacy Plaintiffs' Objection similarly argued, among other things, that Mr. Wheatland was properly served because the Fifteenth Street Address was, indeed, his dwelling or usual place of abode, and that such service was reasonably calculated to provide actual notice. *See generally* Privacy Plaintiffs' Objection ¶¶ 24–27. After Wheatland filed a reply (the "Reply") [ECF No. 102], the Court held a hearing on the Motion to Vacate on December 11, 2018, at which time it took the matter under advisement.

## DISCUSSION

Rule 60(b)(4) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." Fed. R. Civ. P. 60(b)(4). In the Motion to Vacate, Wheatland contends that the Designation Order is void under Rule 60(b)(4) (made applicable in these Chapter 7 Cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure) for lack of personal jurisdiction because service on him at the Fifteenth Street Address was ineffective. *See* Motion to Vacate ¶¶ 5–6.

5

### I. *The Court Has Personal Jurisdiction Over Wheatland, Who Was Properly Served.*

As a threshold matter, the Motion's assertion that this Court lacks personal jurisdiction over Wheatland[3] is highly problematic. While Wheatland portrays himself as a stranger to these cases, he is the individual who filed these cases on behalf of the Debtors. *See* Voluntary Petition of Cambridge Analytica LLC (the "Cambridge Petition") [ECF No. 1] (containing Wheatland's signature on petition's signature line for "authorized representative of debtor"); Voluntary Petition of SCL USA Inc. (the "SCL Petition") [Case No. 18-11501, ECF No. 1] (same). "[A] party who voluntarily files a bankruptcy petition submits to the personal jurisdiction of the bankruptcy court, which has subject matter jurisdiction over all bankruptcy matters." *In re Thompson*, 2007 WL 1447897, at *5 (Bankr. E.D. Tenn. May 14, 2007) (citing *Martens v. Countrywide Home Loans (In re Martens)*, 331 B.R. 395, 397 (B.A.P. 8th Cir. 2005) (stating that the debtors "submitted themselves, voluntarily, to the jurisdiction of the bankruptcy court when they filed their Chapter 7 bankruptcy petition"); *In re Blumeyer*, 297 B.R. 577, 582 (Bankr. E.D. Mo. 2003) ("by the filing of a voluntary petition under Title 11, the Debtor submitted his assets to the jurisdiction of the bankruptcy court"); *In re Yagow*, 60 B.R. 543, 545 (Bankr. D. N.D. 1986) (holding that "once a [debtor] files a voluntary bankruptcy petition, thereby submitting to the jurisdiction of the bankruptcy court, ... then the [debtor] is deemed to have submitted himself to the bankruptcy court jurisdiction for all purposes. A voluntary debtor in bankruptcy cannot rely on the benefits afforded by the Bankruptcy Code without also being subjected to the consequences of the Bankruptcy Code.")).

Wheatland cites the *Bozel* case for the proposition that proper service is a necessary prerequisite for personal jurisdiction over him. *See* Reply ¶ 2 (citing *Bickerton v. Bozel S.A. (In*

---

[3]    *See* Motion to Vacate ¶¶ 3, 4, 5; *see also* Reply ¶ 2.

6

*re Bozel S.A.)*, 434 B.R. 86, 98–99 (Bankr. S.D.N.Y. 2010)[.]"). But *Bozel* does not help Wheatland's position. It makes clear that "it is unreasonable for [a party] to believe that he could … seek the protection of [the United States'] laws and courts, and at the same time believe he could escape the jurisdictional reach of the United States' courts." *Bozel*, 434 B.R. at 99–100 (finding that the bankruptcy court had personal jurisdiction over corporate debtor's director because he had purposefully availed himself of the protections afforded by U.S. law by, among other things, signing and filing the debtor's chapter 11 petition).[4]

Turning now to the main issue of service, the Court concludes that Wheatland was properly served with the Designation Motion. Bankruptcy Rule 9014(a) provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). Subsection (b) further provides that such motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Rule 7004 then provides for various forms of service.[5]

The Motion argues that the Chapter 7 Trustee did not satisfy any of the service methods available under Rule 7004. *See* Motion to Vacate ¶ 11. More specifically, the vast majority of the Motion is spent arguing that Wheatland would have needed to be served at his "dwelling house or usual place of abode" or "the place where [he] regularly conducts a business or profession" in order for service to be proper, consistent with Rule 7004(b)(1), and that the Fifteenth Street Address is not such a place. *See id.* ¶¶ 12–16. In his Reply, Wheatland further

---

[4]    Perhaps for these reasons, counsel for Wheatland at the hearing appeared to abandon his contention that there is no personal jurisdiction over Wheatland.

[5]    In the Trustee Objection, the Chapter 7 Trustee cited to the rules for service under Rule 7005. At the hearing held on December 11, 2018, the Chapter 7 Trustee agreed with the other parties that Rule 7004 provides the proper standard for service here. The Court agrees.

7

argues that he had no duty under Rule 4002 to provide an updated mailing address – to replace the Fifteenth Street Address he previously provided – because he is not the debtor in these cases. *See* Reply ¶ 22.

During the pendency of these cases, however, Wheatland has held himself out as the representative of the Debtors. *See In re JK Harris Co. LLC*, 2012 Bankr. LEXIS 6165, at *11 (Bankr. D. S.C. Aug. 17, 2012) (noting that individual held himself out as the self-acknowledged representative of the debtors and filed a statement regarding his authority to sign petition). Wheatland executed Cambridge's petition as the "Authorized Person" in the section requiring the signature of an authorized representative of the debtor. *See* Cambridge Petition. He also signed Cambridge's Schedules and SOFAs on behalf of Cambridge as its "Authorized Person" and he is further listed in Cambridge's SOFAs as an "Authorized Person" under the section requesting a list of the "debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case." [*See* ECF Nos. 11, 12]. This is consistent with the Written Consent dated May 17, 2018 and executed by the Cambridge board authorizing the filing of Cambridge's Chapter 7 Case. *See* Cambridge Petition. That document states:

> that Julian Wheatland or such other person or persons designated by him (each, an "Authorized Person") be, and hereby is, authorized and empowered in the name of the Company, to execute and verify a petition for relief under Chapter 7 of the Bankruptcy Code… [and] … that the Authorized Person be, and hereby is, authorized and empowered to execute and file, on behalf of the Company, all petitions, schedules, lists, documents, pleadings and other papers and to take any and all action that he may deem necessary or proper in connection with the Bankruptcy Case[.]

*Id.*

Wheatland similarly executed SCL's petition using the title "Director." *See* SCL Petition. He likewise signed SCL's Schedules and SOFAs as its "Director," and its SOFAs list

8

him as "Director" under the section requesting a list of the "debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case." [*See* Case No. 18-11501, ECF Nos. 12, 13].  Once again, Wheatland's actions were consistent with the Written Consent dated May 17, 2018 and executed by the SCL board – and signed by Wheatland himself – authorizing the filing of SCL's Chapter 7 Case.  *See* SCL Petition.  That document tracks the language of the Cambridge Written Consent and provides:

> that Julian Wheatland or such other person or persons designated by him (each, an "Authorized Person") be, and hereby is, authorized and empowered in the name of the Corporation, to execute and verify a petition for relief under Chapter 7 of the Bankruptcy Code… [and] … that the Authorized Person be, and hereby is, authorized and empowered to execute and file, on behalf of the Corporation, all petitions, schedules, lists, documents, pleadings and other papers and to take any and all action that he may deem necessary or proper in connection with the Bankruptcy Case[.]

*Id.*

Considering Wheatland to be the Debtors' authorized representative based on the bankruptcy petitions and other filings in these cases, we turn to the rules for service under such circumstances.  Rule 7004 specifically provides that service may be made within the United States by first class mail postage prepaid "[u]pon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the [motion] to the debtor *at the address shown in the petition or to such other address as the debtor may designate in a filed writing*."  Fed. R. Bankr. P. 7004(b)(9) (emphasis added).  *See also Johnson v. U.S. Dep't of Educ. (In re Johnson)*, 2018 WL 2670469, at *21 (Bankr. N.D. Ala. May 23, 2018) (finding proper service under Bankruptcy Rule 7004(b)(9) where pleadings and hearing notices had been served on debtor at the address listed on her complaint, her amended complaint and her chapter 7 petition); *In re Zecevic*, 344 B.R. 572, 575–76 (Bankr. N.D. Ill.

9

2006) (finding service made to address listed on debtor's bankruptcy schedules to be effective under Bankruptcy Rule 7004(b)(9), even though debtor had moved, because it was the last address listed by debtor in a filed writing); *In re Johnson*, 13 B.R. 342, 347 (Bankr. D. Minn. 1981) (holding that for purposes of service a statement regarding a debtor's address in a statement of financial affairs is binding in the bankruptcy proceeding); *cf. Goldberg v. Weichert (In re Timberline Energy, Inc.)*, 70 B.R. 450, 453 (Bankr. N.D.N.Y. 1987) (finding that process mailed to an individual at address listed on documents filed by the individual during the case was proper service).

As noted above, Wheatland himself provided the Fifteenth Street Address as his address on the Debtors' SOFAs, which he prepared and signed. [*See* ECF No. 12 at 13]; [Case No. 18-11501, ECF No. 12 at 2, 13].[6] Accordingly, the parties (and the Court) were justified in assuming that the address provided by Wheatland – holding himself out as the Debtors' authorized representative – was the proper address for purposes of service. Indeed, the Court is concerned with the implications of Wheatland's argument from a policy perspective. It would be problematic if parties could avail themselves of court resources, make representations to the court, and then turn around and disclaim such representations when it is no longer convenient to be bound by them. *See In re Soundview Elite*, 543 B.R. 78, 125 (Bankr. S.D.N.Y. 2016) ("Given the express representations made to the Court, the Court finds Composite's protestations that it was not really bound by them, and that they were made without authority, absurd."); *United States v. Johnson*, 2013 WL 6183054, at *2 (S.D.N.Y. Nov. 21, 2013) ("The Government is

---

[6] The Chapter 7 Trustee further notes that "[a]t no point during Wheatland's initial meeting with the Trustee and his professionals, multiple conversations after the initial meeting or during the 341 Meeting, did Wheatland ever advise the Trustee or his professionals that the 15th Street Address was a temporary address." Trustee Objection ¶ 9 n. 2. Similarly, Wheatland did not inform the Court that the Fifteenth Street Address was temporary at any point after providing it on the Debtors' SOFAs.

10

bound by its past representations to the court. … I will not allow the Government … to get around representations that, I imagine, it wishes it had never made."); *In re Johnson*, 13 B.R. at 347 ("The debtor cannot pick and choose when and where to claim residence. This court believes that the debtor is estopped from claiming a different residence than that claimed in his statement of affairs and schedules, which relates back to the date of the filing of the involuntary petition.").

Wheatland's position is also inconsistent with Bankruptcy Rule 4002(a)(4), which requires a debtor to "cooperate with the trustee in . . . . the administration of the estate." Fed. R. Bankr. P. 4002(a)(4). Section 521(a)(3) of the Bankruptcy Code similarly requires a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties." 11 U.S.C. § 521(a)(3). "'Cooperate' is a broad term, indeed, and must be construed that whenever the trustee calls upon the debtor for assistance in the performance of his duties, the debtor is required to respond, at least if the request is not unreasonable." 4 Collier on Bankruptcy ¶ 521.15[5] (16th ed. 2018). Indeed, "[i]t is well settled that a trustee should not be required to drag information from a reluctant and uncooperative debtor. Because of the extraordinary relief offered under the Bankruptcy Code delay and avoidance tactics are inconsistent with, and offensive to, its purpose and spirit." *In re Royce Homes, LP*, 2009 Bankr. LEXIS 2986, at 3 (Bankr. S.D. Tex. Sept. 22, 2009) (requiring designated representative of the debtor to provide specific documents to trustee and to create corporate charts to comport with Bankruptcy Code's requirement of cooperation between a debtor and a trustee, and also finding affirmative common law duty for representative of general partner of the debtor to cooperate with the trustee).

This broad duty to cooperate is also reflected in Bankruptcy Rule 9001(5), which provides:

> When an act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a

11

> natural person: (A) if the debtor is a corporation, 'debtor' includes, if designated by the court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, *or any other person in control* . . . .

Fed. R. Bankr. P. 9001(5) (emphasis added). "Rule 9001 cases a very wide net as to who can act on behalf of a debtor, especially when considering the non-exhaustive use of *any other person in control*." *In re Divine Ripe, LLC*, 554 B.R. 395, 403 (Bankr. S.D. Tex. 2016). Thus courts have held the representative of a Chapter 7 debtor responsible for failure to cooperate with a trustee, since, "[a]s corporations, [d]ebtors can only speak and act through their authorized agents and representatives." *In re JK Harris*, 2012 Bankr. LEXIS 6165, at *11.

## II. *The Court Will Consider Designating a Different Representative if Appropriate.*

Notwithstanding the Court's denial of the Motion to Vacate, the Court's primary motivation is to move these cases forward in an efficient, expedient manner, which may be challenging given that Wheatland is a British national living in the United Kingdom. [*See* ECF No. 95 ¶¶ 2, 7]. At this point in time, however, no other individual has stepped up to the plate to serve as the responsible party, and neither Debtors' counsel nor Wheatland has offered any concrete suggestions for who else might serve in that role, despite occasional hints at such possibilities. *See* Motion to Vacate ¶ 2 ("In an effort to avoid protracted litigation of this matter, [Wheatland's counsel] offered to accept service of the Designation Motion and consent to entry of the Designation Order if the Trustee agreed to certain limited modifications designed to ensure that Mr. Wheatland's life does not become consumed by these chapter 7 cases."). Moreover, there are two other individuals identified in the Debtors' bankruptcy petitions. *See* Cambridge Petition (attaching Written Consent of Cambridge board – signed by Rebekah Mercer and Jennifer Mercer – that authorized, among other things, the filing of Cambridge's bankruptcy

case).[7]  The Court would welcome constructive suggestions.  In the meantime, the Court is unwilling to let these cases be orphaned by the very party that filed them.

    IT IS SO ORDERED.

Dated:  New York, New York
        January 7, 2019

                                      */s/ Sean H. Lane*
                                  HONORABLE SEAN H. LANE
                                  UNITED STATES BANKRUPTCY JUDGE

---

[7] The Court understands both of these individuals to reside in the United States, unlike Wheatland.