# **EXHIBIT A**

[2004 Subpoena]

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Cambridge Analytica, LLC
Debtor

Case No. 18-11500 (SHL)

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Cambridge Analytica, LLC (c/o Schulte Roth & Zabel, LLP)
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: ______________________________

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

CLERK OF COURT

OR

______________________________ ______________________________
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Karen Sbriglio , who issues or requests this subpoena, are:

Anne M. Aaronson, Esq., Dilworth Paxson LLP, 1500 Market St., Suite 3500E, Philadelphia, PA 19102
aaaronson@dilworthlaw.com, (215)575-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
_____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
_____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Debtor must designate one or more officers, directors, managing agents, or other persons with relevant knowledge to testify regarding the Documents sought below and information related thereto.

2. The Documents requested below shall be provided in accordance with the instructions set forth herein, and shall be produced to Dilworth Paxson, LLP, counsel to Karen Sbriglio, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102, (215) 575-7013 (telephone), Attn: Anne Aaronson, Esq., aaaronson@dilworthlaw.com, and Catherine Pratsinakis, Esq., cpratsinakis@dilworthlaw.com.

3. In responding to the following Document requests, furnish such information as is available to You, not merely such information as is within your knowledge. This means that You are to furnish information that is known by, available to or in the possession of your employees, representatives or agents, including your attorneys, accountants, financial advisors, consultants or associates, or any agent or investigator for You or your attorneys.

4. When producing Documents pursuant hereto, copies may be produced in lieu of originals. You are required to produce the Documents as they are kept in the usual course of business and to organize and label them to correspond with each category in these requests. All Documents shall be produced in their entirety without redaction or expurgation, together with all attachments, exhibits, cover letters, and the like.

5. If any Documents requested herein have been lost or destroyed, the Documents so lost or destroyed shall be identified by author, date, and subject matter. In addition, the date of disposal, the manner of disposal, the reason for disposal, the Person authorizing the disposal, and the Person disposing of the Documents shall be identified.

6. For any Document no longer in your custody or control, or for any Document which was never in your custody or control, identify the Document and any person who currently has custody or control of the Document or who has knowledge of the contents of the Document,

or the Person who You reasonably believe to have such Document within its custody or control or who has knowledge of the contents thereof.

7. If You claim that any Document or Communication requested is protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity, provide all Documents and Communications falling within the scope of the request which are not subject to the alleged claim of privilege or immunity, and identify with sufficient particularity for purposes of a motion under Rule 37 of the Federal Rules of Civil Procedure to compel production of the Document or Communication with respect to which You claim a privilege or immunity, and separately state:

a. the basis on which the privilege or immunity is claimed;

b. the nature of the Document or Communication, including its title;

c. the author, creator, or sender of the Document or Communication;

d. each individual or other Person to whom the Document or Communication was sent or otherwise disclosed;

e. the date of the Document or Communication, or if the date is unknown, the date the Document or Communication was created or sent; and

f. a summary of the subject matter of such Document or Communication in sufficient detail to permit the Court to reach a determination in the event of a motion under Rule 37 of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

For purposes hereof, the following definitions shall apply:

1. "341 Meeting" shall mean the Bankruptcy Code section 341(a) meeting of creditors held in the Debtor's Bankruptcy Case on June 21, 2018.

2. "Anaxi" shall refer to Anaxi Solutions, Inc.

3. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

4. "Bankruptcy Case" refers to the chapter 7 bankruptcy proceedings of the Debtor pending before the Bankruptcy Court under Case No. 18-11500.

5. "Communication" shall mean shall mean any mode or means of sending or receiving words, ideas or information, including but not limited to telephone conversations, in-person conversations, e-mails, instant messages, text messages, voice over internet, calendars, letters, faxes or other written, digital or electronic means of communication.

6. "Debtor" shall mean Cambridge Analytica, LLC, including, as applicable and appropriate, its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their present and former officers, managers, members, directors, officers, employees, agents, advisors, financial advisors, accountants, and attorneys.

7. "Document" is used in the broadest possible sense and shall mean, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored Communication or representation, including electronically or digitally stored, whether compromised of letters, words, numbers data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof. For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes without limitation correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or Communications, electronic mail or "e-mail," instant messaging, text messages, Bloomberg and other chatrooms, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained, including without limitation, electromagnetically sensitive storage media such as CDs,

DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

8. “Emerdata” refers to Emerdata Limited, the managing member of the Debtor.

9. “Foreign Cambridge Debtors” refers to SCL Group Limited; SCL Elections Ltd. SCL Analytics; SCL Commercial Limited; SCL Social Limited; and Cambridge Analytica (UK) Limited.

10. “Person” shall mean and refer to any natural person, company, corporation, partnership, joint venture, limited liability corporation, limited liability partnership, sole proprietorship or other organization, entity or group.

11. “Relating” or “Referring” shall mean, in addition to the customary and usual meaning of those words, evidencing, supporting, demonstrating, reflecting, constituting, mentioning, embodying, identifying, discussing, memorializing, describing, summarizing or pertaining to the subject matter of the applicable request.

12. “Schedules of Assets and Liabilities” shall refer to the Debtor’s Schedules of Assets and Liabilities filed in its Bankruptcy Case.

13. “SCL Elections” refers to SCL Elections Ltd, including, as applicable and appropriate, its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their present and former officers, managers, members, directors, officers, employees, agents, advisors, financial advisors, accountants, and attorneys.

14. “SCL USA” refers to SCL USA Inc., the debtor in the chapter 7 bankruptcy proceedings pending before the Bankruptcy Court under Case No. 18-11501, including, as applicable and appropriate, its predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their present and former officers, managers, members, directors, officers, employees, agents, advisors, financial advisors, accountants, and attorneys.

15. “Trustee” shall refer to the chapter 7 trustee appointed in the Bankruptcy Case.

16. "UK Proceedings" shall refer to the insolvency proceedings commenced in the High Court of Justice, Business and Property Courts of England and Wales, and Insolvency and Companies List (ChD) on May 2, 2018 by the Foreign Cambridge Debtors.

**RULES OF CONSTRUCTION**

For the purposes hereof, the following rules of construction shall apply:

1. "All," "any" and "each" shall each be construed as encompassing any and all.

2. "And" and "or" shall be read conjunctively and disjunctively.

3. The plural of any term shall be construed as the singular, and vice versa, as necessary and in order to bring within the scope of a Document request any information, Document, or thing that might otherwise be construed to be outside its scope.

4. Any verb used in any tense shall be read to mean such verb in all of its tenses.

5. A masculine, feminine or neutral pronoun includes all genders.

**DOCUMENTS TO BE PRODUCED**

1. Copies of any and all lists of clients and/or customers in the possession of the Debtor or that were ever maintained or controlled by the Debtor.

2. Copies of any and all services agreements between the Debtor and SCL Elections.

3. All Documents and Communications made by or for the Debtor's directors, officers, and/or principals regarding the merger of Anaxi with the Debtor on or about April 27, 2018.

4. All Documents and Communications made by or for the Debtor's directors, officers, and/or principals regarding any stock sales or transfers of interests in the Debtor, including Emerdata's acquisition of the membership interests in the Debtor from Alexander Nix, Cambridge Analytica Holdings, LLC, and SCL Elections in January 2018.

5. All Documents and Communications made by or for the Debtor's directors, officers, and/or principals regarding the Debtor's decision to disband its board of directors in connection with and/or following Emerdata's acquisition of the membership interests in the

Debtor from Alexander Nix, Cambridge Analytica Holdings, LLC, and SCL Elections in January 2018.

6. All Documents and Communications evidencing the nature of the unsecured debt of approximately $8.7 million listed in the Debtor's Schedules, including, for the avoidance of doubt, information on the extent to which such debt relates to Alexander Nix.

7. All Documents and Communications made by, between, and/or for the Debtor, the Foreign Cambridge Debtors, and any administrators in the UK Proceedings regarding the seizure of the Debtor's servers and other information and records, including any inventory of the information, records, or documents seized in connection therewith.

8. All Documents and Communications made by, between, and/or for the Debtor and the Trustee regarding the turnover of the Debtor's U.S.-based information and records, including any inventory of the information, records, or documents provided to the Trustee.

9. All Documents and Communications regarding the artwork listed in the Debtor's Schedules included with respect to the value thereof.

10. All Documents regarding the Debtor's financial statements, including ledgers of assets transferred, within one year of the Debtor's filing of the Bankruptcy Case.

11. Copies of the Bylaws (or their legal equivalent under the laws of the United Kingdom) and any other similar corporate organizational documents of the Foreign Cambridge Debtors.