FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                             Chapter 11

CAMBRIDGE ANALYTICA LLC, *et al.*,                 Case No. 18-11500 (SHL)

                         Debtors.            (Jointly Administered)

------------------------------------------------------------x

## MODIFIED BENCH DECISION
## DENYING APPLICATION FOR FRBP 2004 EXAMINATION

**A P P E A R A N C E S :**

**GIBSON, DUNN & CRUTCHER LLP**
*Attorneys for Facebook*
200 Park Avenue
New York, New York 10166
By:    Dylan Cassidy, Esq.

**LOWENSTEIN SANDLER LLP**
*Attorneys for the Data Breach Plaintiffs*
1251 Avenue of the Americas
New York, New York 10020
By:    Nicole Fulfree, Esq.

**LAMONICA HERBST & MANISCALCO LLP**
*Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
By:    Salvatore LaMonica, Esq.
         Michael Rozea, Esq.
         Jordan Pilevsky, Esq.

**SCHULTE ROTH & ZABEL LLP**
*Attorneys for the Debtors*
919 Third Avenue
New York, New York 10022
By:    Kristine Manoukian, Esq.

**DILWORTH PAXSON LLP**
*Attorneys for Karen Sbriglio*
99 Park Avenue, Suite 320

New York, New York 10016
By:   Anne Marie Aaronson, Esq.
      Catherine Pratsinakis, Esq.

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the Motion of Karen Sbriglio under Bankruptcy Rule 2004 for an order directing the production of documents from Debtor, Cambridge Analytica LLC. For the reasons stated below, the Motion is denied.[1]

## BACKGROUND

Karen Sbriglio is a plaintiff in a derivative action brought in Delaware Chancery Court in 2018 against certain Facebook officers and directors. Neither the Debtors nor any of their affiliates are named as defendants in the Delaware derivative action.

On March 13, 2019, Ms. Sbriglio purchased a claim that was initially filed by Rod Foster and denominated as Claim No. 6 by the Clerk of Court. The purchased claim has a face value of $650 and is filed against the estate of the Cambridge Debtor. Eight days after purchasing this claim, Ms. Sbriglio filed this Motion, which requests access to the same documents to be provided to the so-called Data Breach Plaintiffs.

The Data Breach Plaintiffs filed a punitive class action in the United States District Court in Delaware against Facebook and Cambridge Analytica regarding Cambridge Analytica's alleged obtaining of data from Facebook users. *See In re Cambridge Analytica*, 596 B.R. 1 (Bankr. S.D.N.Y. 2019) (setting forth background as to the Data Breach Plaintiffs).

---

[1] This written decision memorializes the Court's bench ruling that was read into the record on May 15, 2019. Because of its origins as a bench ruling, this decision has a more conversational tone. While the substance of the decision remains the same, edits have been made for ease of comprehension.

**DISCUSSION**

Rule 2004 of the Federal Rules of Bankruptcy Procedure states that, on motion of any party-in-interest, the Court may order the examination of any entity. The scope of an examination permitted by Rule 2004 may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor or any matter which may affect the administration of the bankruptcy estate. *See* Fed. R. Bankr. P. 2004(b).

The Bankruptcy Court has the discretion to grant a request for a Rule 2004 examination. *See In re Bd. of Dirs. of Hopewell Int'l Inst. Ltd.*, 258 B.R. 580, 585 (Bankr. S.D.N.Y. 2001); *see also In re Enron*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Courts have imposed limits on the use of Rule 2004 examinations where the purpose of the examination is to abuse or harass. *See In re Mitco Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). Similarly, there is a well-recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the applicable Federal Rules of Civil Procedure, and not Rule 2004. *See In re Bennett Funding*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

Courts have exhibited similar concerns when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination is to benefit in pending litigation outside of the Bankruptcy Court. *See In re Enron Corp.*, 281 B.R. at 842 (citing *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1984), *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995)). In *Snyder*, the District Court held that the Bankruptcy Court did not abuse its discretion in denying production under a Rule 2004 request where the appellant's primary motivation was to use the requested materials in a state court action against the examinee. The *Enron* case also cites to *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 515–17 (Bankr. E.D.N.Y. 1991) (recognizing the principle that "Rule 2004 examinations should not be used to obtain

information for use in an unrelated case or proceedings pending before another tribunal"); *see also Collins v. Polk*, 115 F.R.D. 326, 328–29 (M.D. La. 1987).

More recently, a Rule 2004 application was denied in a case similar to our own. *See In re Bibhu LLC*, 2019 WL 171550 (Bankr. S.D.N.Y. Jan. 19, 2019). In that case, the creditor who filed the application had a lawsuit pending against two non-debtors, including a claim for fraud. The Court concluded that the creditor was seeking to use the Rule 2004 discovery for the improper purpose of obtaining discovery for the pending state court civil litigation. *See id*. at *2; see also In re Keyworth*, 47 B.R. 966 (Bankr. D. Colo. 1985).

Like *Bibhu* and similar cases, the Movant here filed this Rule 2004 request for the purpose of obtaining discovery for use in the Delaware derivative action. The improper purpose of the Rule 2004 application here is confirmed by the fact that the Movant was not actually a creditor in this bankruptcy when these cases were filed. The Movant only became a creditor by purchasing a claim of $650 against the Debtor on March 13th of this year, about a week before the filing of this Motion.

This fact makes the Movant here markedly different than the Data Breach Plaintiffs. The Data Breach Plaintiffs asserted claims in a multi-district litigation against the Debtors even before these Chapter 7 cases were filed. They filed their Rule 2004 motion to further their interests as creditors of the Debtor.

The Movant complains that the Trustee previously had agreed in out-of-court conversation to provide the Movant with the requested documents. But those conversations took place outside of Court, no doubt in an effort to resolve an issue, and during a time when the Movant did not appear to even have been a creditor of the estate. It would be wholly

inappropriate for the Court to penalize the Trustee for attempting to settle a potential dispute and minimize the need for additional litigation. *See* Fed. R. Evid. 408.

The distinction between the Movant and the Data Breach Plaintiffs is further confirmed by the respective involvement in this bankruptcy case over time. This Motion is the only matter that the Movant here has had before the Court. By contrast, the Data Breach Plaintiffs have been regular and meaningful participants in this case since pretty much its inception. They have attended multiple hearings. They have consulted with the Trustee and taken positions on matters central to the bankruptcy case and the estate. Indeed, their Rule 2004 request pertains to issues raised at the Debtors' 341 meeting and the Debtors' pre-bankruptcy reorganization with Emerdata, matters that are relevant to their status as creditors. Thus, I would agree with the characterization of counsel for the Data Breach Plaintiffs that the Data Breach Plaintiffs have worked well with the Trustee in examining potential claims that might exist for the Chapter 7 estate.

The Court would set a very troubling precedent by allowing the Movant's Rule 2004 Motion to go forward. Such a result would incentivize parties to purchase nominal claims in bankruptcy cases solely to pursue their outside litigation agendas. Such a precedent would be particularly harmful in cases like these, where an estate has limited funds and could easily be rendered administratively insolvent if forced to comply with such Rule 2004 requests made by parties whose agendas lie outside the bankruptcy case. The cost of such compliance would benefit only the outside litigation at the expense of the bankruptcy estate and its creditors. Such a result cannot be countenanced by the Court.

Dated: New York, New York
      June 14, 2019

                                      ***/s/ Sean H. Lane***
                                      UNITED STATES BANKRUPTCY JUDGE